Patricia L. DODGE, Plaintiff,

v.

HUNT PETROLEUM CORPORATION,
Defendant.

No. Civ.A.3:97CV0810–L.

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 19, 2001.

Janette Johnson, Kurt C. Banowsky, Christine Neill Huffman, Janette Johnson & Associates, Dallas, TX, Michael E. Hassett, Jones & Cannon, P.C., Arlington, TX, for Plaintiff.

Richard M. HUnt, Jeanne Huey Erickson, Winstead Sechrest & Minick, P.C., Dallas, TX, for Defendant.

### MEMORANDUM OPINION AND ORDER

LINDSAY, District Judge.

Before the court are the following matters:

1. Plaintiff's Application for Attorneys' Fees, filed April 22, 1999;

2. Plaintiff's Brief in Support of Her Application for Attorneys' Fees, filed April 22, 1999;

3. Plaintiff's Supplemental Brief in Support of Application for Attorneys' Fees, filed April 30, 1999;

4. Hunt Petroleum's Brief in Opposition to Plaintiff's Application for Attorneys' Fees, filed May 12, 1999;

5. Plaintiff's Reply Brief in Support of Her Application for Attorneys' Fees, filed May 28, 1999;

6. Plaintiff's Supplemental Fee Petition, filed May 28, 1999;

7. Plaintiff's Notice of Filing of Amended Supplemental Declaration of Janette Johnson, filed June 2, 1999; and

8. Hunt Petroleum's Response in Opposition to Plaintiff's Supplemental Fee Petition and Plaintiff's Amended Supplemental Declaration, filed June 9, 1999.

After careful consideration of these documents and the applicable authority, the **court grants in part** and **denies in part** Plaintiff's Application for Attorneys' Fees and Plaintiff's Supplemental Fee Petition.

### I. *Procedural and Factual Background*

Plaintiff Patricia L. Dodge ("Plaintiff" or "Dodge") sought $138,780.15 in attorney's fees in her original fee application and $8,356.25 by way of her supplemental fee petition, for a total award of $147,136.40. *The court modifies the requested amount to $146,604.40 because Dodge has deleted her request for any hours for attorney Jayne L. Byrne ($147.136.40—$532 = $146,604.40).* *See* Plaintiff's Supplemental Brief in Support of Her Application for

Attorneys' Fees at 1; Plaintiff's Reply Brief in Support of Her Application for Attorneys' Fees at 4. Dodge contends that the amount requested is reasonable because it reflects a reasonable hourly rate and the number of hours expended were reasonable and necessary for successful prosecution of her retaliatory discharge claim.

Defendant Hunt Petroleum Corporation ("Defendant" or "Hunt Petroleum") contends that the amount that Plaintiff requests is "grossly excessive" in light of the success she obtained and precedent established by the Supreme Court and Fifth Circuit. Hunt Petroleum also contends that $58,000 of the fee request relate to claims that are not part of this lawsuit, or relate to extensions of time required because Dodge's counsel failed to meet certain court deadlines. Hunt Petroleum contends that a fee of no more than $10,000 should be awarded to Plaintiff for her limited success.

Dodge filed this employment discrimination case pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et seq.* ("Title VII"), and the Texas Commission on Human Rights Act ("TCHRA") Tex. Lab. Code Ann. § 21.001 *et seq.* (Vernon 1996).[1] She contends that Hunt Petroleum engaged in sex discrimination and retaliatory conduct when it discharged her on September 16, 1996.

Hunt Petroleum moved for summary judgment on Plaintiff's claims. More particularly, Hunt Petroleum contended that Dodge could not establish a *prima facie* case for retaliation under Title VII because she lacked proof of a casual connection between any protected activity and her discharge. Hunt Petroleum also asserted that it had set forth a legitimate, nondiscriminatory reason for discharging Dodge, which satisfied its burden with respect to any *prima facie* case Dodge might make. With respect to Dodge's sex discrimination claim, Hunt Petroleum contended that it was barred by the doctrine of *res judicata* from consideration by this court because the state court dismissed it with prejudice in the state lawsuit.

On June 26, 1998, the court granted summary judgment with respect to Dodge's sex (gender) discrimination claim on the basis of *res judicata*. With respect to Dodge's retaliation claim, the court denied Hunt Petroleum's motion for summary judgment because a genuine issue of material fact existed regarding the claim. The retaliation claim was set for trial on March 29, 1999.

The trial of this action took place before the court and a jury from March 29, 1999 through April 2, 1999. The jury rendered its verdict on April 2, 1999, found that Hunt Petroleum retaliated against Dodge for having engaged in protected activity under Title VII or the TCHRA, and awarded Dodge no damages on this claim. On April 9, 1999, in accordance with the jury's verdict and the parties stipulation that the amount of backpay was $3,246.87, the court entered judgment for Plaintiff for the amount of backpay plus interest at the rate of 4.91% per annum from September 16, 1996, until paid and assessed costs against Hunt Petroleum. Dodge timely

---

1. Dodge originally filed suit against Hunt Petroleum on October 24, 1995, in the 162nd Judicial District Court in Dallas County, Texas. On January 11, 1997, the state court granted Hunt Petroleum's motion for summary judgment disposing of all of Dodge's claims other than the retaliation claim. On January 31, 1997, Dodge filed a partial non-suit in the state court suit on the retaliation claim. On April 14, 1997, this action was filed in federal court.

filed her postjudgment application for attorney's fees, and the court is now faced with the extremely difficult and unenviable task of determining what constitutes a reasonable attorney's fee to award Plaintiff.

## II. *Analysis*

### A. Attorney's Fees

### 1. Method of Computation under the Lodestar Approach

 Under Title VII, the court "may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 2000e-5(k). The court determines that Dodge is a prevailing party because she has obtained an enforceable judgment against Hunt Petroleum which materially altered the legal relationship between her and Hunt Petroleum. *See Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). A prevailing party may recover only those fees that are reasonably expended on the litigation. *See Hensley v. Eckerhart,* 461 U.S. 424, 433–34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Watkins v. Fordice,* 7 F.3d 453, 458 (5th Cir.1993). A party is not entitled to attorney's fees for the prosecution of an unsuccessful claim unless it involves common facts or derives from related legal theories of another claim that is successfully prosecuted. *See Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. The determination of a reasonable attorney's fee award involves a two-step process.[2] *See Ruther-*

*ford v. Harris County,* 197 F.3d 173, 192 (5th Cir.1999). In assessing the reasonableness of attorney's fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley,* 461 U.S. at 433, 103 S.Ct. 1933; *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir.1998); *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir.), *cert. denied,* 516 U.S. 862, 116 S.Ct. 173, 133 L.Ed.2d 113 (1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson, Miss.,* 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom,* 50 F.3d at 324; *In re Smith,* 966 F.2d 973, 978 (5th Cir.1992).

In assessing the amount of attorney's fees to award a prevailing party, the second step requires the court to consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974); *see Cobb v. Miller,* 818 F.2d 1227, 1232 (5th Cir.1987).[3] While the court's analysis need not be meticulously detailed, it must articulate and clearly apply the *Johnson* criteria. *Riley,* 99 F.3d at 760; *Kellstrom,* 50 F.3d at 331. Once the lodestar is computed by multiplying the reasonable number of hours by a reasonable hourly rate, the court may adjust the lodestar upward or downward depending on its analysis of the twelve factors espoused in *Johnson. Id.* "[T]he most criti-

---

**2.** *The two-step process set forth in this and the following paragraph is the normal process that a court must undertake to determine an appropriate attorney's fee award; however, for reasons discussed later, this process is not required and will not be followed because of the unusual circumstances of this case.*

**3.** The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due

to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Cobb v. Miller,* 818 F.2d 1227, 1231 n. 5 (5th Cir.1987)(*citing Johnson,* 488 F.2d at 717–19).

cal factor" in determining the reasonableness of an attorney's fee award "is the degree of success [or result] obtained." *Hensley,* 461 U.S. at 436, 103 S.Ct. 1933; *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494; *see Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5 th Cir.1998); *see also Giles v. General Elec. Co.,* 245 F.3d 474, 491 n. 31 (5 th Cir.2001) (stating that the most important factor under the *Johnson* analysis is the result obtained).

### 2. Method of Computation when a Plaintiff Achieves Only Limited or Partial Success

■ *This case represents a deviation from the norm.* Dodge achieved only limited or marginal success on her claim of retaliation. In this regard, the Supreme Court observed:

> If ... a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for the plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

*Hensley,* 461 U.S. at 436, 103 S.Ct. 1933. *See also Migis,* 135 F.3d at 1048 (applying the principle enunciated in *Hensley* and remanding an award of attorney's fees because the district court failed "to give adequate consideration to the result obtained relative to the fee award, and the result obtained relative to the result sought"). The court concludes that *Hensley* and *Migis* govern the outcome of the attorney fee inquiry in this case.

In a case where a plaintiff has achieved only limited or partial success, once a court considers the "amount and nature of damages awarded, [it] may lawfully award low fees or no fees without reciting the 12 [*Johnson*] factors bearing on reasonableness," or without computing the lodestar. *Farrar,* 506 U.S. at 115, 113 S.Ct. 566. The fee award must be the result of a "measured exercise of discretion" on the court's part. *Id.* at 114, 113 S.Ct. 566.

### B. The Fee Award in this Case

■ Dodge filed this action contending that Hunt Petroleum discriminated against her on the basis of her sex and retaliated against her in violation of federal and state laws. Her gender claim was dismissed when the court granted summary judgment on behalf of Hunt Petroleum. Dodge sought compensatory and punitive damages under Title VII and the TCHRA of $200,000 for her retaliation claim. *See* Plaintiff's Original Complaint ¶ 25(D) and Joint Pretrial Order at 6, filed March 29, 1999. The jury found that Hunt Petroleum retaliated against Dodge and awarded her no damages for this claim. Dodge thus prevailed only on one of her claims and received an award of $3,246.87 for backpay based on a pretrial stipulation. The court also notes that Dodge had previously calculated her backpay at $13,846 without prejudgment interest and at $14,950 with prejudgment interest. *See* Pretrial Order at 15. Dodge also sought reinstatement and front pay. Neither of these remedies was awarded to Dodge. Dodge also sought equitable relief, but the court did not award her any kind of equitable relief.

Although the court concludes that the fee request of Plaintiff should be substantially reduced in light of the success or

result obtained, the suggested figure of $10,000 by Hunt Petroleum is inadequate. Trial preparation and attendance at trial alone by Dodge's counsel would exceed $10,000. Based upon the court's review of the record, a substantial portion of the attorney time spent was devoted to the gender discrimination claim, and some hours expended on the retaliation claim were more than could be reasonably justified. The court is aware that facts overlapped between Dodge's gender discrimination claim and her retaliation claim and that Dodge necessarily would have had to develop some of the evidence even if she had never pursued the gender discrimination claim. The court thus recognizes that the retaliation claim did not exist in a vacuum.

As Dodge is a prevailing party and has recovered more than nominal damages, awarding her a low fee or no fee would be inherently unfair and inconsistent with existing precedent; however, in light of her limited success, Dodge's requested fee of $146,604.40 must be reduced substantially to be consistent with the teachings of *Hensley, Farrar,* and *Migis.* Although there is no *per se* rule of proportionality between the amount of recovery and amount of attorney's fee awarded, *Branch–Hines v. Hebert,* 939 F.2d 1311, 1322 (5ᵗʰ Cir.1991), at some point, the ratio between the two can become so great or disproportionate that the court must give due consideration and reduce the fee in light of the result or success obtained. *See Migis,* 135 F.3d at 1047.

By even the most liberal interpretation, Dodge's success relative to the relief she sought was quite limited or marginal. Of all the relief Dodge sought, she only obtained monetary relief on one of her two claims, and that amount was modest. After carefully considering the record in this case and in light of the result obtained, the

court believes that a reduction of 75% of the requested amount constitutes a reasonable attorney's fee award in this case. Accordingly, the amount of $146,604.40 is reduced by 75%, and the award of attorney's fees to Dodge for her successful prosecution of her retaliation claim is $36,651.10.

The basis for the court's 75% reduction of the fees requested is Dodge's limited or marginal success as previously explained by the court and what the court considers to be a reasonable amount of time necessary to pursue the retaliation claim upon which Dodge ultimately prevailed. This was a straightforward, run-of-the-mill employment retaliation claim. This by no means was a groundbreaking case, although it was certainly important to Dodge. The court believes that a fee which is slightly more than eleven times the stipulated damages award is fair and reasonable under the circumstances of this case. This 75% reduction, as determined by the court in its discretion, is an appropriate and sufficient fee based on the result or success obtained by Dodge.

The court is aware that in *Migis,* the Fifth Circuit remanded an attorney's fee award because it was six and one-half times the amount of damages awarded and the damages sought were over twenty-six times the damages awarded. *See Migis,* 135 F.3d at 1048. The court concluded that the ratios were "simply too large to allow the fee award to stand." *Id.* In this case, the amount of attorney's fees is slightly over eleven times the amount of damages awarded. Dodge sought $200,000 in compensatory and punitive damages, according to the Pretrial Order, which is about 61 times the amount of recovery. At first blush, these ratios appear to be grossly disproportionate; however, as the court previously noted, there is no *per se* rule of proportionality. Moreover, as the court noted previously, some

of the evidence between Dodge's two claims overlapped, and she would have necessarily had to develop the evidence on her retaliation claim independently of her gender claim. Defendant was a tough competitor and vigorously contested liability, which it had a right to do; however, at the same time, these actions required Plaintiff through her counsel to engage in conduct to counter Defendant's strategy and tactics, which she would not have otherwise been required to do.[4]

The court notes the extremely contentious nature of the lawsuit and that both parties equally engaged in conduct that unnecessarily resulted in additional attorney hours being expended. For example, discovery could have been less contentious, and some of the discovery disputes could have been resolved by the parties without the necessity of court intervention. Unnecessary discovery disputes, hardball tactics, and dilatory tactics only serve to delay the administration of justice and increase its costs, particularly attorney's fees. The Supreme Court's admonition that "[a] request for attorney's fees should not result in a second major litigation," *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933, was soundly ignored by the parties in this litigation. Ideally, the attorney's fee issue should be resolved by the parties. The court recognizes that this will not always be the case, but the parties should exhaust all reasonable efforts to resolve the attorney's fee issue. The failure to do so

causes unnecessary delay and unnecessarily consumes scarce judicial resources.

As a final matter, the court concludes that it has no concern or disagreement with the hourly rate of any of Dodge's attorneys ($275 for Janette Johnson, $150 for Christine Huffman, $200 for Kurt Banowsky, and $150 for Michael Hassett). The hourly rates for all of Dodge's attorneys are reasonable. The court makes this determination based on its knowledge of rates charged for legal services by attorneys with the level of skill, competence, and ability of Dodge's counsel in the area of employment law in the Dallas legal community, and its experience in setting attorney's fees in other cases. The determinative issue with respect to the fee inquiry in this case, however, is the result obtained, not the hourly rates of Dodge's counsel.

### III. *Conclusion*

For the reasons stated herein, Plaintiff's Application for Attorneys' Fees and Plaintiff's Supplemental Fee Petition are **granted in part** and **denied in part.** In particular, Plaintiff is hereby awarded attorney's fees in the amount of $36,651.10.[5] Because Plaintiff was entitled to attorney's fees at the time the court entered judgment on the merits, the court will award her prejudgment interest at the rate of 3.02% per annum from April 9, 1999, to September 19, 2001. The award of prejudgment interest addresses the delay in payment be-

---

4. One strategy that Hunt Petroleum did not use could have impacted the amount of attorney's fees. Hunt Petroleum could have availed itself of the provisions of Fed.R.Civ.P. 68 and drastically reduced its costs and attorney's fees. *See Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) (holding that a civil rights plaintiff who recovers a judgment which is not greater than the amount of a rejected offer made under Rule 68 is precluded from recovering attorney's fees and costs incurred subsequent to the date

the offer is rejected). Had Defendant made such an offer during the earlier stages of litigation, in all probability, the court would not be confronted with the pesky issue of attorney's fees, or at least not to the magnitude that it has been so confronted.

5. The court finds it unnecessary to determine the amount of fees for each of Dodge's attorneys, as this determination can be made by Dodge and her attorneys.

tween the completion of the work and the actual award of attorney's fees. *See Missouri v. Jenkins*, 491 U.S. 274, 285, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989); *Walker v. U.S. Dept. of Housing and Urban Dev.*, 99 F.3d 761, 773 (5th Cir.1996). Judgment on the attorney's fee award will issue by separate document as required by Fed.R.Civ.P. 58.