Debra LEWIS, Plaintiff,

v.

HURST ORTHODONTICS, PA
and Lynn Hurst, D.D.S
Defendants.

No. Civ.A. SA02CA818XR.

United States District Court,
W.D. Texas,
San Antonio Division.

Nov. 7, 2003.

David J. Guillory, Attorney at Law, Nacogdoches, TX, Bobby Dewayne Brown, Bobby D. Brown, PC, Victoria, TX, for Plaintiff.

Lawrence D. Smith, Ogletree, Deakins, Nash, et al., San Antonio, TX, Edmund Burke Huber, Jr., F. Denise Rios, Holland & Knight, LLP, San Antonio, TX, for Defendants.

**ORDER**

RODRIGUEZ, District Judge.

Pending before the Court is Plaintiff's Application for Attorney Fees and Bill of Costs (docket no. 48), filed on October 21, 2003. On September 26, 2003, the parties settled this matter at a mediation, but specifically reserved that the award of attorney's fees and costs would be determined by the Court. The parties further agreed that "Plaintiff's application for attorney fees will be based on the method for loadstar [sic] calculation." Defendants reserved the right to request an evidentiary hearing on Plaintiff's application for attorney's fees and costs. In response, Defendants object to Plaintiff's application on the grounds that the fees sought are "misleading, excessive and unsupported" and are contrary to Supreme Court and Fifth Circuit precedent.

## I. ATTORNEYS FEES

The relevant provision of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), provides that the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant." The language of the statute thus mandates that the Court award attorney's fees to the prevailing party, but gives the Court discretion in deciding what is reasonable. Defendants do not dispute that the Plaintiff is a prevailing party.

The computation of reasonable attorneys' fees involves a three step process: (1) determine the nature and extent of the services provided by Plaintiff's counsel; (2) set a value on those services according to the customary fee and quality of the legal work; and (3) adjust the compensation on the basis of the other Johnson factors that may be of significance in the particular case. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974); *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1092 (5th Cir.1982). Steps one and two result in a computation of the "lodestar" amount. Both the hours worked and the hourly rate must be reasonable, and the Court considers only the hours spent on the successful claims. See *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 440, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In the final step, the lodestar is adjusted on the basis of the other factors enumerated in *Johnson*. That is, once the basic fee is calculated, the Court may adjust the amount upward or downward. This adjustment is made by applying the factors identified in *Johnson*. Rarely are all factors applicable, however, and a trial judge may give them different weights. *Id.*

Each of the Johnson factors has been considered by the Court and evaluated and weighed in light of the entire record in this case. The factors have also been weighed in light of this Court's experience in this type of litigation.

In Plaintiff's Application for Attorney Fees And Bill of Costs, counsel for Plaintiff states that the lodestar for the calculation of fees in this case is $76,614.70, a *Johnson* enhancement should be $7,661.47 and "expenses and costs" total $3,461.32, and that this is the amount the Court

should award. The Court finds that the requested amount is both excessive and unreasonable. Portions of the time record summaries submitted by counsel are non-specific and thus unacceptable. *See Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir.), *cert. denied*, 486 U.S. 1008, 108 S.Ct. 1735, 100 L.Ed.2d 199 (1988) (stating that billing records that are scanty or lack explanatory detail are unacceptable). As a result, the Court considers and makes findings concerning each of the *Johnson* factors as follows:

A. The time and labor involved.

■ The total time submitted by Plaintiff's counsel, Bobby D. Brown, is 189.25 hours. Plaintiff's co-counsel, David Guillory, submitted a claim for 36.1 hours. Mr. Brown also submitted a claim for his paralegal, Carolyn Brown, consisting of 149.95 hours. The claimed hours are supported by the separate affidavits of Bobby D. Brown and David Guillory. Those affidavits are each supported by a summary of time records. Having examined the time records and affidavits submitted by counsel, the Court finds that the hours of attorney time purportedly expended in this case are not within the range of reasonableness for the tasks performed in connection with this litigation. This was a relatively simple case of whether or not the Plaintiff should have been paid overtime pursuant to the FLSA or whether she was an "exempt" employee. Having reviewed the time sheets it appears that Mr. Brown engaged in 23.5 hours of general FLSA research, 23 hours responding to Defendants' first motion for summary judgment, and 18 hours responding to Defendants' second motion for summary judgment. Mr. Brown claimed 1.25 hours for drafting and calendaring a scheduling order. Paralegal

Brown claimed the following: (1) 31.75 hours for drafting initial discovery and a second request for production to the Defendants, (2) 13 hours for preparing Plaintiff's response to discovery, (3) 16 hours for preparing a letter regarding discovery disputes, (4) 30.95 hours for drafting deposition questions and drafting deposition notices, and (5) 17.25 hours for drafting initial disclosures and supplemental disclosures.[1] Further, both Mr. Brown and Mr. Guillory attended the court-ordered mediation held on September 26, 2003. Mr. Brown claims 18.5 hours for preparing and attending this mediation and Mr. Guillory claims 17.6 hours for preparing and attending this mediation. The Court finds the above were duplicative efforts that should have been avoided.

Based on the foregoing, the Court finds that a more reasonable expenditure of time for counsel is as follows: 172 hours for Mr. Brown, 20 for Mr. Guillory, and 131 hours for paralegal Brown.

B. The novelty and difficulty of the questions.

The factual and legal issues in this case were neither difficult nor unusual especially in light of counsels' representation to the Court that their expertise is in the area of employment law. This case did not present any novel or difficult questions which counsel should not have anticipated in preparing for trial.

C. The skill requisite to perform the legal service properly.

The Court finds that counsel were adequately skilled and otherwise qualified to pursue this case.

---

1. All this time may have been necessary, however, no explanations (e.g. vast number of requests, etc.) were given.

D. The preclusion of other employment by the attorneys due to acceptance of this case.

This was not a complex case and should not have caused counsel to limit the number of cases counsel could handle at any given time. The case did not involve a demanding area of the law and if counsel chose to spend a considerable amount of time on this case to the exclusion of others, it was a choice, not necessitated by the nature of the case.

E. The customary fee.

The court finds that the hourly rates submitted by counsel appear to be both unreasonable and higher than the customary fee. Based on affidavits submitted for the Court's consideration, Mr. Brown avers that his time should be compensated at an hourly rate of $275, Mr. Guillory's time compensated at an hourly rate of $245 ($123 for travel time), and paralegal Brown's time compensated at an hourly rate of $95. Plaintiff submitted the affidavits of Malinda Gaul, Michael Putman, and John W. Griffin, Jr., all active labor and employment trial practitioners in the Western and Southern Districts of Texas. They all opine that, based on their experience and knowledge of reasonable and customary fees in employment discrimination litigation in the San Antonio, Texas area and the Western District of Texas, "a reasonable hourly fee for a lead counsel is $300 to $350 per hour and a reasonable hourly fee for an experienced and skilled co-counsel is $250 to $300 per hour." Neither Ms. Gaul nor Mr. Putman, however, address the abilities or experience of Mr. Brown or Mr. Guillory. Mr. Griffin's affidavit does specifically addresses the qualifications and abilities of Mr. Brown. Further, the affidavit of Mr. Griffin states that the Hon. Fred Biery has awarded Mr. Brown an hourly rate of $275 in another matter. A review of that order, however, reveals that specific hourly rates were not challenged.

■ The Court notes that Mr. Brown was licensed to practice law in the State of Texas in 1998. Mr. Guillory was licensed in 1990. Neither attorney is board certified by the Texas Board of Legal Specialization. Mr. Brown and Mr. Guillory's experience level are not commensurate with Ms. Gaul, Mr. Putman or Mr. Griffin. The Court further takes judicial notice that the State Bar of Texas Department of Research and Analysis complies an Annual Hourly Rate Report detailing attorney hourly rates by years in practice, location and type of practice.[2] Based on the latest report available (analyzing rates charged during calendar year 2000), the Court finds that in 2000, a reasonable and customary hourly rate for both Mr. Brown and Mr. Guillory ranges from $150 per hour to $205 per hour. Assuming and applying a 5% rate increase to these rates, a reasonable and customary 2002 and 2003 hourly rate for both Mr. Brown and Mr. Guillory ranges from $157.50 per hour to $215.25 per hour. The Court finds that an hourly rate of $200 represents a reasonable and customary hourly rate for both Mr. Brown and Mr. Guillory's knowledge and trial experience. The Court notes that with regard to paralegal hourly rates, the State Bar of Texas Legal Assistant Division has surveyed its membership, and the median hourly rate for a paralegal has been found to be $75.[3] The Court finds that a reasonable and customary hourly rate for Ms. Brown's paralegal time is $75 per hour.[4]

---

**2.** www.texasbar.com/members/buildpractice/research/HRR.PDF

**3.** www.paralegal.edu/newsletters/inBrief8_02.pdf

**4.** The Court notes that Ms. Brown is employed in Victoria and Corpus Christi, Texas.

**F. Whether the fee is fixed or contingent (The Risk Factor).**

Neither party provided the Court with a copy of any agreement between Ms. Lewis and her counsel. Nevertheless, a "district court is not bound by . . . the agreement of [counsel with his client] as to the amount of attorneys' fees." *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d at 1089. Furthermore, allotting an enhancement for a contingency factor has been criticized. *Id.* at 1097 n. 30. The complexity and difficulty of the issues were not substantial. Despite the Plaintiff's assertion that employment discrimination cases present counsel with a great challenge and "are extremely difficult to win", this case was brought under the FLSA where the burden of proving the applicability of a claimed exemption is on the employer. *Smith v. City of Jackson, Miss.*, 954 F.2d 296, 298 (5th Cir.1992). The risks undertaken and successfully met by counsel for plaintiff were not so enormous as to justify an upward adjustment of the lodestar amount.

**G. Time limitations imposed by the client or the circumstances.**

Plaintiffs' counsel exercised efficiency and economy in expeditiously moving this case to a resolution.

**H. The experience, reputation, and ability of counsel**

As noted above, Mr. Brown was licensed to practice law in the State of Texas in 1998. Mr. Guillory was licensed in 1990. Neither attorney is board certified by the Texas Board of Legal Specialization. The affidavits of both attorneys, as well as Mr. Griffin's affidavit, however, indicate that both attorneys have concentrated their practice in employment law and are well respected.

**I. The undesirability of the case.**

This case would more than likely be considered desirable by the majority of practicing attorneys as the issues involved were relatively straightforward.

**J. The nature and length of the professional relationship with the client.**

The Court is not aware of any continuing profitable attorney-client relationship between Plaintiff and counsel.

**K. The amount involved and whether exceptional results were obtained.**

The parties reached a settlement in this case where Plaintiff agreed to accept $8,000 in damages.[5] Therefore, the Court finds that the exceptional results ground does not merit an enhancement of the lodestar multiplier.

 Arguing that the Plaintiff will only receive a settlement amount of $8,000, Defendants rely upon *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) and argue that given this limited success, the lodestar computation should be reduced. The Court recognizes that a fee award must be the result of a measured exercise of discretion on the Court's part. *Migis v. Pearle Vision,*[6] 135 F.3d 1041, 1047 (5th Cir.1998)("The Supreme Court has twice made clear that 'the most critical factor' in determining the reasonableness of a fee award in a civil rights suit 'is the degree of success obtained.' ") "Although there is no *per se* rule of propor-

---

5. Although the parties agreed among themselves to keep their settlement confidential and counsel filed their Application and briefing under seal, the Court is not bound by that agreement. Absent extraordinary circumstances, court orders should remain public.

6. In *Migis,* the Fifth Circuit remanded for additional consideration a fee award that was over six and one-half times the actual damages award.

tionality between the amount of recovery and amount of attorney's fees awarded, at some point, the ratio between the two can become so great or disproportionate that the court must give due consideration and reduce the fee in light of the results or success obtained." *Dodge v. Hunt Petroleum Corp.,*[7] 174 F.Supp.2d 505, 510 (N.D.Tex.2001)(relying upon *Branch–Hines v. Hebert,* 939 F.2d 1311 (5th Cir. 1991) and *Migis* ).[8]

■ Having reduced the lodestar by the deduction of non-reasonable hours and non-reasonable rates, the Court finds that the lodestar is still not proportional to the degree of success obtained in the lawsuit. *Migis,* 135 F.3d at 1047. Under the Court's revised calculations, an attorney fee award would total $48,225.[9] This amount, however, would exceed the proportion of 6:1 that was deemed excessive in *Migis.* The Court finds, however, that this case was over litigated by Defendants when they pursued a second motion for summary judgment after their unsuccessful first attempt. Based on the foregoing, the Court finds that Plaintiff's requested lodestar (and enhancement) amount of $84,276.17830 should be reduced. As a result, it is ORDERED that Plaintiff receive from Defendants attorneys' fees in the amount of $32,005 to be distributed as follows:

To Bobby D. Brown, 114.2 hours at $200 per hour, totaling $22,840, and 87 hours of paralegal time at $75 per hour, totaling $6,525, resulting in a grand total of $29,365;

To David Guillory, 13.2 hours at $200 per hour, totaling $2,640.

## II. COSTS

Plaintiff also seeks the award of costs associated with the prosecution of this matter, totaling $3,461.32. Defendants object to this request arguing that the request for costs and expenses is contrary to Supreme Court precedent. Specifically, Defendants contend Plaintiff's request for her mediation fee is not recoverable. Further, they object to the .25¢ per page photocopying rate. Further, Defendants generally seek that the Court review the proposed costs for any additional unrecoverable items. The Court notes that parking fees, postage, fax, and lodging are not permitted by 28 U.S.C. § 1920. In *Wehr v. Burroughs Corp.,* 477 F.Supp. 1012, 1022 n. 8 (E.D.Pa.1979), *aff'd,* 619 F.2d 276 (3d Cir.1980), the Court was faced with a similar request for costs and expenses from the prevailing plaintiff in a case brought pursuant to the Age Discrimination in Employment Act. The Court found that many of the costs requested were not "costs", but were in fact out-of-pocket expenses. *Id.* Finding no statutory authorization for reimbursement of these out-of-pocket expenses, the Court denied the plaintiff's request with respect to telephone charges, travel expenses, cost of meals, expert witness fees and exhibits. *Id.* Under the Fair Labor Standards Act, the meaning of the word "costs" has been limited to the items enumerated in 28 U.S.C. § 1920, and not expanded to cover all expenses of litigation. See *Wehr v. Burroughs Corp.,* 477 F.Supp. 1012, 1022 n. 8 (E.D.Pa.1979).

Having reviewed the costs and expenses requested by Plaintiff in the instant mat-

---

**7.** After Plaintiff received back pay award of $3,246.87 under Title VII, court reduced attorney fee request for $146,604 by 75% to $36,651.

**8.** See *Williams v. City of Balch Springs,* 1999 WL 1146802 (N.D.Tex.1999)(approving attor-

ney fee award of three times the settlement amount); *Donihoo v. Dallas Airmotive, Inc.,* 1999 WL 740692 (N.D.Tex.1999)(approving a fee award of 3.7 times settlement award).

**9.** 172 hours × $200 plus 20 hours × $200 plus 131 hours × $75.

ter, the Court finds that the following costs are recoverable: Court filing fee of $150, deposition costs of $1,524.20, and photocopying expenses of $862.50.[10] The Court finds that the copies being requested were necessarily obtained for use in litigation. The remaining requests for costs and expenses are DENIED because those expenses [11] are not recoverable pursuant to 28 U.S.C. § 1920.

Therefore, it is ORDERED that Plaintiff shall recover from Defendants costs in the amount of $2,536.70.

Defendants' Motion to Strike the affidavits of Ms. Gaul, Mr. Putman and Mr. Griffin (docket no. 53) is DENIED.

Defendants' Request for Evidentiary Hearing and Request for Discovery (docket no. 52) is DENIED.

It is further ORDERED that judgment against Defendants in the amount of $32,005 (attorney's fees) and $2,536.70 (costs) shall be entered accordingly.

It is further ORDERED that with the execution of the judgment this matter is DISMISSED with PREJUDICE.

---

10. 3,450 copies at .25 per page. The Court takes notice that the Clerk's office charges .35 per page.

11. Lexis on-line research, courier fees, overnight delivery charges, hotel expense, mileage, parking expense, postage, fax charges and mediation fee. The Court recognizes that the Third Circuit in *Wehr* allowed recovery of Westlaw fees. This Court respectfully believes that such fees are not allowed under the plain language of 28 U.S.C. § 1920.