Lisbet Pia JENSEN, Plaintiff,

v.

William LAWLER, an individual, Carol Lawler, an individual, and "Wendy Lynne," a vessel, and DOES 1 through 100, inclusive, Defendants.

No. CIV.A.H–00–2415.

United States District Court,
S.D. Texas,
Houston Division.

March 23, 2004.

James Clifford Sabalos, Gladych & Associates, John A Gladych, Gladych & Asoc Inc, Newport Beach, CA, Michael I Branisa, Tarics & Carrington, Houston, TX, for Lisbet Pia Jensen, Plaintiff.

James M Tompkins, Galloway Johnson et al, Houston, TX, Peter Shafer Forgie, Forgie & Jacobs, Westlake Village, CA, for William Lawler, Carol Lawler, Wendy Lynne, Defendants.

## MEMORANDUM AND ORDER

BOTLEY, United States Magistrate Judge.

Pending before the Court is Plaintiff Lisbet Pia Jensen's ("Jensen") Application and Request for Reasonable Attorney's Fees and Costs (Docket Entry No. 50). Having considered Jensen's application, Defendants' response, the pleadings, and the applicable law, the Court finds that Jensen's application should be granted in part and denied in part.

## I. *Background*

Jensen filed her lawsuit on July 14, 2000, by invoking the Court's original maritime jurisdiction, conferred by 28 U.S.C. § 1333, and alleging that on July 20, 1997, she was employed as a seaman by Defendants Carol and William Lawler ("Lawlers") aboard their vessel, the Wendy Lynne, when at the direction of the vessel's captain, Drew Peerless ("Peerless"), she jumped from the deck of the vessel to the dock in an attempt to assist the crew in docking the vessel at the fuel dock. Jensen contended that as a consequence of the Defendants' failure to provide her a safe place to work and the unseaworthiness of the vessel, she suffered broken bones in her right leg and ankle and the heel of her left foot after jumping barefoot, over six feet, from the vessel's deck to the dock. Jensen sought past and future lost wages and damages for future medical treatment for her purported permanent disability incurred as a result of the Defendants' alleged wrongful conduct. The Lawlers denied Jensen's allegations and maintained that Jensen represented herself as an experienced member of the vessel's crew and chose the manner, without the direction of others, in assisting the vessel's docking. Further, Defendants maintained that Jensen was not permanently disabled and that any injuries she sustained were a consequence of her own fault. *See* Docket Entry No. 25.

■ Jensen's claims were tried before a jury during a period of five days, from October 7 through October 11, 2002. On October 11, 2002, the jury determined that Jensen should receive $200,000.00 to compensate her for the Lawlers' failure to provide her maximum cure.[1] *See* Docket

---

1. "Maintenance and cure is an obligation imposed upon a shipowner to provide for a

Entry No. 40. The jury found in the Lawlers' favor on the issues of negligence and unseaworthiness. *See id.* The jury also determined that Jensen was 35% contributorily negligent and that her conduct was a proximate cause of her injuries. *See id.*

The Court entered a Final Judgment on November 5, 2002, in which Jensen was awarded $200,000.00, reflecting the jury's finding. *See* Docket Entry No. 41. Each party was assessed their respective costs of Court; no allowance was made for attorney's fees. *See id.* Jensen filed a motion to amend the judgment to provide for attorney's fees and costs, which was granted on July 16, 2003. *See* Docket Entry No. 49. The Court stayed the portion of the Final Judgment addressing costs and the parties were directed to brief the matter of reasonable costs and attorney's fees. *See id.* The briefing on this issue is complete and the issue is ripe for review.

## II. *Analysis*

### A. *Attorney's Fees*

Jensen requests an award of $80,000.00 in attorney's fees—a sum which equates to 40% of the $200,000.00 award on the cure cause of action. *See* Docket Entry No. 50. According to Jensen, her counsel's law firm spent 478.40 hours on the case; however, she contends that the tort damages and the cure damages were "inextricably intertwined" and seeks to recover only a portion as her attorney's fees for the successful pursuit of her claim for cure (*i.e.,* 290.63 attorney hours at $225.00 per hour = $65,392.00 plus 132.80 paralegal hours at $110.00 per hour = $14,608.00).

■ Generally, maritime disputes are governed by the "American Rule," pursu-

ant to which each party bears its own costs. *See Texas A&M Research Found. v. Magna Transp., Inc.,* 338 F.3d 394, 405 (5th Cir.2003); *Delta S.S. Lines, Inc. v. Avondale Shipyards, Inc.,* 747 F.2d 995, 1011 (5th Cir.1984) ("[t]he general rule in admiralty is that attorneys' fees are not recoverable by the prevailing party"); *see generally Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) ("[i]n the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser"). Therefore, "absent statute or enforceable contract, litigants must pay their own attorneys' fees." *Galveston County Navigation Dist.,* 92 F.3d at 356; *accord Texas A & M Research Foundation,* 338 F.3d at 405; *Noritake Co., Inc. v. M/V Hellenic Champion,* 627 F.2d 724, 730 (5th Cir. 1980).

■ There are, of course, exceptions to this general rule. The equitable grant of attorney's fees is appropriate in admiralty when the shipowner rejects and/or terminates a maintenance and cure claim in an arbitrary and capricious, or willful, callous, and persistent manner. *See Vaughan v. Atkinson,* 369 U.S. 527, 531–32, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). The Fifth Circuit, interpreting, the "bad faith" exception created by the Supreme Court in *Vaughan,* has set forth an "escalating scale of liability" for a shipowner who refuses to pay maintenance and cure:

> If the shipowner, in failing to pay maintenance and cure, has not only been unreasonable but has been more egregiously at fault, he will be liable for punitive damages and attorney's fees. We have described this higher degree of

seaman who becomes ill or injured during his service to the ship." *Boudreaux v. United States,* 280 F.3d 461, 468 (5th Cir.2002); *see*

*also Galveston County Nav. Dist. No. 1 v. Hopson Towing Co., Inc.,* 92 F.3d 353, 357 n. 8 (5th Cir.1996).

fault in such terms as callous and recalcitrant, arbitrary and capricious, or willful, callous and persistent. Thus, there is an escalating scale of liability: a shipowner who is in fact liable for maintenance and cure, but who has been reasonable in denying liability, may be held liable only for the amount of maintenance and cure. If the shipowner has refused to pay without a reasonable defense, he becomes liable in addition for compensatory damages. If the owner not only lacks a reasonable defense but has exhibited callousness and indifference to the seaman's plight, he becomes liable for punitive damages and attorney's fees as well.

*Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir.1987) (footnote omitted); *accord Galveston County Navigation Dist. No. 1*, 92 F.3d at 358 & n. 10; *see also Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1513 (5th Cir.1995), *cert. denied*, 516 U.S. 1046, 116 S.Ct. 706, 133 L.Ed.2d 662 (1996) (concluding that recovery of attorney's fees in maintenance and cure cases is permitted as long as the proper showing of egregious fault is made).

 In the instant case, neither the general rule in admiralty prohibiting the recovery of attorney's fees nor the bad faith exception to this rule are addressed by the parties; however, the Court finds that Jensen clearly filed this as a maritime case, invoking the Court's admiralty jurisdiction. Indeed, both Jensen's Original Complaint and the Joint Pretrial Order filed by the parties provide under the heading "Jurisdiction," the following:

> This is a case of admiralty or maritime jurisdiction. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1333 and 46 U.S.C.App. Section 688(a) because the injuries and accident occurred on the open seas while Plaintiff, an employee of Defendants, was engaged in maritime activity while docking the U.S. vessel, bringing this matter within the Jones Act.[2]

*See* Docket Entry Nos. 1 and 25. In her application for attorney's fees, Jensen has neither claimed, sought a finding, nor adduced evidence that the Defendants' conduct in handling her claim for continuing maintenance and cure was so abusive of the litigation process that this conduct could be described "as callous and recalcitrant, arbitrary and capricious, or willful, callous and persistent." *Morales*, 829 F.2d at 1358. Moreover, in Interrogatory No. 1, the jury found that the Lawlers were not negligent. *See* Docket Entry No. 40. Accordingly, under the law of this Circuit, there is simply no basis for an award of attorney's fees in this case.[3] *See Galves-*

---

**2.** The Jones Act provides jurisdiction for a "seaman" who suffers personal injury in the course of his or her employment. *See* 46 U.S.C.App. § 688.

**3.** Notwithstanding the preclusion of attorney's fees in admiralty cases as set forth *supra*, Jensen's application for attorney's fees is unsupported by contemporaneously compiled time records. Although Jensen argues that the tort and cure damages are "inextricably intertwined" and she submits her counsel's declaration in support of her application, the declaration fails to set forth the nature of *all* work performed, who performed the work, or how much time was spent on each individual task. Arguably, the majority of her counsel's time was spent on the prosecution of Jensen's liability claims for negligence and unseaworthiness as opposed to her cure claim. In any event, without viewing the contemporaneous time records, it is difficult for the Court to determine if the requested fees were reasonably and necessarily expended based upon counsel's blanket statement regarding the same. *See Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir.), *cert. denied*, 486 U.S. 1008, 108 S.Ct. 1735, 100 L.Ed.2d 199 (1988) (stating that billing records that are scanty or lack explanatory detail are unacceptable);

*ton County Navigation Dist. No. 1*, 92 F.3d at 360.

### B. Costs

As the prevailing party, Jensen claims that she is entitled to recover her costs pursuant to FED. R. CIV. P. 54(d)(1) and 28 U.S.C. § 1920. In a Memorandum of Costs,[4] Jensen asserts that her total costs were $36,673.87. *See* Docket Entry No. 51. She seeks to recover, however, only $30,000.00 of those costs, claiming that "[t]he reduced sum of $30,000.00 takes into account a reasonable reduction for costs which many not have been incurred, but for the tort-based claims." *See* Docket Entry 50. Because Jensen's counsel opted to use a California form for her Bill of Costs rather than this Court's form, he failed to heed the "SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories," conspicuously set forth on the Clerk's Bill of Costs form.

Defendants do not dispute that Jensen was the prevailing party as to her cure claim. Defendants assert, however, that the vast majority of her costs were spent prosecuting the liability claims and not her cure claim. Additionally, Defendants contend that Jensen seeks to recover many impermissible costs and has failed to properly document her costs.

■ Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs are to be awarded to the prevailing party as a matter of course, unless the Court directs otherwise. *See* FED. R. CIV. P. 54(d)(1). The provision of 28 U.S.C. § 1920, however, limit the Court's discretion in taxing costs against the unsuccessful litigant. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Section 1920 permits the following recoverable costs:

(1) Fees of the Clerk and Marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under § 1923 . . . ; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 . . . .

28 U.S.C. § 1920. A district court is permitted to decline to award costs listed in the statute, but may not award costs omitted from the statute. *See Crawford*, 482 U.S. at 441–42, 107 S.Ct. 2494; *Coats v.*

---

*Lewis v. Hurst Orthodontics, P.A.*, 292 F.Supp.2d 908, 910 (W.D.Tex.2003).

4. The "Memorandum of Costs (Summary)" utilized by Jensen is a form bearing the captions at the bottom of the page, "Form Approved for Optional Use [by the] Judicial Council of California MC–010 [Rev. July 1, 1999]" and "Legal Solutions Plus." Jensen's counsel acknowledges in his declaration that he "borrowed a California form, to set forth the costs incurred as a result of defense counsel's and my own familiarity with the same." While this form may be sufficient for certain courts in California, the United States District Court for the Southern District of Texas utilizes for bill of costs "AO 133"—a form which is available on the Court's website. The form utilized by Jensen includes a worksheet, listing items that are not recoverable under § 1920 (*e.g.*, travel and videotaping of depositions). Contrary to Jensen's declaration, this form does not "facilitate this Court's review." Jensen's counsel, who were admitted to appear in this case *pro hac vice*, are admonished to follow the practices and procedures of this Court.

*Penrod Drilling Corp.,* 5 F.3d 877, 891 (5th Cir.1993), *cert. denied,* 510 U.S. 1195, 114 S.Ct. 1303, 127 L.Ed.2d 654 (1994).

▆▆▆ A district court generally has wide discretion in awarding costs. *See Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 233–34, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); *Hall v. State Farm Fire & Cas. Co.,* 937 F.2d 210, 216 (5th Cir.1991). This discretion, however, is not unfettered. *See id.* at 216–17. A court may not award costs to the prevailing party unless it first determines "that the expenses are allowable cost items and that the costs are reasonable, both in amount and necessity to the litigation." *Commercial Credit Equip. Corp. v. Stamps,* 920 F.2d 1361, 1367 (7th Cir.1990). Items proposed by prevailing parties as costs should always be given careful scrutiny. *See Farmer,* 379 U.S. at 235, 85 S.Ct. 411. Nevertheless, "[o]nly when a clear abuse of discretion is shown can an award of costs be overturned." *In re Nissan Antitrust Litig.,* 577 F.2d 910, 918 (5th Cir.1978), *cert. denied,* 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979); *accord Coats,* 5 F.3d at 891.

### 1. *"Filing and Motion Fees "*

▆▆▆ Jensen seeks $444.94 for "filing and motion fees," contending that the paper filed was the summons and complaint and the filing fee was $444.94. In her cost worksheet, Jensen maintains that no fees were expended in the service of process. Jensen has failed to attach invoices to Memorandum of Cost and the declaration of her counsel does not discuss each alleged cost but merely provides a global assertion that the "items claimed and sums assigned to each item in Plaintiff's Memorandum of Costs are correct" and the costs were "reasonably and necessarily incurred in the court of pursuing this litigation and specifically the claim for maximum cure."

Under § 1920, Jensen can recover her filing fee. The statute specifically authorizes the taxing of costs for "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). Jensen's fee request of $444.94, however, is unsubstantiated. At the time this lawsuit was filed in 2000, the filing fee was $150.00. *See* Docket Entry No. 1. Because Jensen claims in her worksheet that no fees were expended in the service of process and the Court cannot discern from Jensen's application the basis for the remaining $294.94, Jensen's recovery in this category shall be limited to $150.00.

### 2. *"Deposition Costs"*

Next, Jensen seeks $11,689.38 for "deposition costs." In Jensen's costs worksheet, she has lumped together many expenditures (*i.e.,* transcribing, attorney travel expenditures, expert witness fees, and/or videotaping) associated with the depositions of Joseph Schweigel, M.D. ("Dr.Schweigel"), Dean Lorich, M.D. ("Dr.Lorich"), Warwick Thompkins ("Thompkins"), S. Andrew Schwartz, M.D. ("Dr.Schwartz"), Jacob Tauber, M.D., ("Dr.Tauber"), James London, M.D., ("Dr.London"), the Lawlers, Kevin Armstrong ("Armstrong"), and Peerless.

### a. *Transcription Fees*

Jensen seeks transcription fees for the depositions of Dr. Schweigel ($487.00), Dr. Lorich ($456.50), Thompkins ($507.20), Dr. Schwartz ($239.25), Dr. Tauber ($381.50), Dr. London ($231.50), the Lawlers and Armstrong ($981.97), and Peerless ($685.96).

▆▆▆ Under the statute, costs may be taxed for "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This statutory language embraces both trial transcripts and deposition transcripts. *See*

*Manildra Milling Corp. v. Ogilvie Mills, Inc.,* 76 F.3d 1178, 1184 (Fed.Cir.1996). A deposition may be taxed as a cost if, at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation rather than mere discovery. *See Fogleman v. ARAMCO Am. Oil Co.,* 920 F.2d 278, 285 (5th Cir.1991).

█ Although Jensen fails to explain or articulate the use of any deposition, a district court has great latitude in determining whether a deposition was "necessarily obtained for use in the case" or was merely obtained for the convenience of the attorney. Here, the Court finds that the depositions of the various doctors and witnesses were necessarily obtained for use in the trial or for trial preparation, or were reasonably expected to be necessary for such use, and that the fees of the court reporters for the transcripts were reasonable in amount and in keeping with prevailing rates. *See Stearns Airport Equip. Co., Inc. v. FMC Corp.,* 170 F.3d 518, 536 (5th Cir.1999). As such, Jensen shall recover $3,970.88 for transcription costs.

### b. *Videographer Fees*

█ Jensen seeks to recover the costs of videotaping the depositions of Drs. Lorich ($3,000.00) and Schweigel ($1,517.50). The Fifth Circuit has consistently held that videotaped depositions are not taxable as costs under § 1920(2). *See West v. Nabors Drilling USA, Inc.,* 330 F.3d 379, 395 (5th Cir.2003); *Mota v. University of Tex. Houston Health Sci. Ctr.,* 261 F.3d 512, 529–30 (5th Cir.2001); *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1049 (5th Cir. 1998). Moreover, Defendants contend through the declaration of their counsel that neither deposition was videotaped. *See* Docket Entry No. 53. As such, these costs are prohibited.

### c. *Travel Expenses*

█ Jensen also seeks to recover travel expenses incurred in taking the depositions of Dr. Lorich ($500.00), Dr. Schweigel ($701.00), and Lawlers/Armstrong ($500.00). In his declaration, Jensen's counsel states he "traveled to numerous (6) deposition of medical doctors, including trips to New York City and Canada" as well as attended witness depositions in Houston, Texas. The travel expenses requested are presumed to be the cost for Jensen's counsel to travel from California to the various deposition locations as opposed to travel expenditures incurred by the doctors. It is well settled that attorney travel expenses are not recoverable under § 1920. *See Coats,* 5 F.3d at 891; *Communications Workers of Am. v. Ector County Hosp. Dist.,* 241 F.Supp.2d 617, 638 (W.D.Tex.2002).

### d. *Expert Witness Fee*

Jensen seeks to recover the expert witness fee ($1,500.00) charged by Dr. Tauber for his deposition.

█ Generally, the recovery of expert witness fees is limited to the statutory amounts authorized under 28 U.S.C. §§ 1821 and 1920. *See Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 332 (5th Cir.), *cert. denied,* 516 U.S. 862, 116 S.Ct. 173, 133 L.Ed.2d 113 (1995). Under 28 U.S.C. § 1821(b), "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." *See Keeton v. Wal-Mart Stores, Inc.,* 21 F.Supp.2d 653, 662 (E.D.Tex.1998). Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure, however, provides an independent basis for the recovery of expert witness fees as part of discovery. Rule 26(b)(4)(C) provides in pertinent part: "[u]nless manifest injustice would result, . . . the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in

responding to discovery under this subdivision...." FED. R. CIV. P. 26(b)(4)(C).

■ In the case at bar, Jensen has not argued that it was Defendants that sought discovery, *via* deposition, from Dr. Tauber. Because Jensen has failed to meet her burden, her expert witness fee for Dr. Tauber is reduced to the $40.00 per day fee authorized by § 1920.

### 3. *"Models, Blowups, and Photographs of Exhibits"*

Next, Jensen request $197.72 for "models, blowups, and photographs of exhibits." On her worksheet, she specified this expenditure as for "photogrphas" (sic).

■ Under the statute, costs may be taxed for "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Before the district court can tax costs for photographs, it must find that the photographs for which costs are sought were necessarily obtained for use in the litigation. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir.1994) (photocopies). Moreover, the party seeking such costs must offer some proof of the necessity of the costs. *See Stearns Airport Equip. Co., Inc.*, 170 F.3d at 536. Hence, reproductions necessarily obtained for use in the case are included within taxable costs, only if the prevailing party demonstrates that necessity. *See Fogleman*, 920 F.2d at 286; *see also Davis Mountains Trans–Pecos Heritage Ass'n v. United States Air Force*, No. Civ. A 5:01–CV–289–C, 2003 WL 21251094, at *2 (N.D.Tex. May 27, 2003) (disallowing unsubstantiated photocopying costs); *Rowland v. Kitchens*, 63 F.R.D. 385, 388 (N.D.Miss.1974) (disallowing costs of photographs).

In the instant case, Jensen provides no information regarding the photographs. The Court, however, takes judicial notice

that among the parties' Joint Trial Exhibits were several photographs. *See* Docket Entry No. 37. As such, Jensen will be permitted to recover costs incurred for photographs in the amount of $197.20.

### 4. *"Other"*

Jensen seeks $24,341.83 under the catch-all heading of "other" costs. In her cost worksheet, she includes under this category "mediation fee; Dr.'s fees; travel; expert fee."

#### a. **Mediation Fee**

■ Jensen seeks to recover a mediation fee of $1,925.00. Defendants' argue that this is not recoverable as a taxable cost.

Mediation costs are not mentioned in, nor embraced by, any provision of 28 U.S.C. § 1920. Indeed, Jensen cites no authority for the taxation of mediation fees. Thus, Jensen's mediation costs are not compensable. *See Mota*, 261 F.3d at 530. Jensen, therefore, is not entitled to an award for mediation costs.

#### b. **Additional Expert Witness Fee**

■ Jensen seeks $11,588.53 for the payment of an expert witness, Donald Green ("Green") with KDON Marine Consulting. Defendants argues that such costs are statutorily impermissible under § 1920. Additionally, Defendants' contend that Green's testimony did not concern Jensen's claim for Jensen cannot recover costs incurred with respect to Green because his testimony had nothing to do with Jensen's future medical care and such costs are impermissible. This Court agrees. Jensen's expert witness designation provided that Green would testify concerning "the cause of [Jensen's] injuries, the seaworthiness of the vessel, the standard of care of a boat captain [regarding] proper docking procedures and other lia-

bility issues." Moreover, Jensen failed to itemize, breakdown, or attach documentation to support the costs requested for Green. Because Jensen only prevailed on the cure claim and she has failed to explain the basis for this fee, Jensen's request for Green's fee is disallowed.

### c. Doctors' Fees

■ Jensen seeks to recover charges from Dr. Paul Duwelius ("Dr.Duwelius") ($240.00) and Dr. J. Brad Butler ("Dr.Butler") ($144.00). Jensen fails to describe the basis of the charges by Dr. Duwelius or Dr. Butler and the Court will not speculate regarding the same. Additionally, Jensen requests reimbursement for the cost of the independent medical examination ("IME") conducted by Dr. Tauber ($1,685.00). Consequently, none of these costs are permissible under § 1920. *See Turpin v. Marriott Corp.*, No. Civ. A 92–4567, 1994 WL 551510, at *1–2 (E.D.Pa. Oct.6, 1994) (IME not recoverable under § 1920).

### d. Jensen's Travel Expenses

■ Jensen requests travel expenses to her deposition, mediation, and trial in the amount of $6,580.00. Jensen was a party to this case, not a witness pursuant to § 1920(3). As such, Jensen will not be permitted to recover these costs.

### e. Additional Travel Expenses

Jensen also list three travel expense items in the "other" category, totaling $1,375.60. The entries provide as follows: 04/27/01 Travel to Houston ($266.50); 06/29/01 Travel to Houston ($784.10); and, 10/2002 Travel to Attend Trial ($325.00). Presumably, these are travel expenses for Jensen's counsel. As set forth above, recovery of attorney travel expenses is not permitted under § 1920. *See Coats*, 5 F.3d at 891; *Communications Workers of*

*Am.*, 241 F.Supp.2d at 638. Thus, these expenses are disallowed.

### f. Miscellaneous Medical Records

Finally, Jensen seeks to recover charges for miscellaneous medical records in the amount of $803.70. Jensen describes these expenditures as follows: Medical Records of Dr. Schweigel ($250.00); Medical Record from Queen's Medical Center ($241.69); Psychiatry & Rehabilitation Services ($29.17); Medical Records via Compex ($248.47); and, Orthopedic Services ($34.37).

Section 1920(4) provides for the taxation of costs for "copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). It is not known whether these expenses are for photocopying, subpoenas, or some other expenditure. Because Jensen has not explained why these records were necessary for use in the case, she has not met her burden and these costs are disallowed.

In sum, many of the costs requested by Jensen were not "costs," but were in fact out-of-pocket expenses. Because there is no statutory authorization for reimbursement of these out-of-pocket expenses, the Court must deny Jensen's request. Section 1920 cannot be expanded to cover all expenses of litigation. *See Lewis*, 292 F.Supp.2d at 913.

### III. Conclusion

Accordingly, Jensen's Application and Requests for Attorney's Fees and Cost (Docket Entry No. 50) is GRANTED IN PART and DENIED IN PART. It is therefore

ORDERED that Jensen shall recover from Defendants costs in the amount of $4,358.60. Defendants are directed to pay Jensen by April 30, 2004. It is further

ORDERED that all relief not expressly granted is DENIED.